IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Keizar Montrell Randall, ) | Civil Action No. 4:10-70272-TLW | |
| ) | Cr. No. 4:03-922 | |
| Petitioner, ) | | |
| ) | | |
| vs. ) | ORDER | |
| ) | | |
| The United States of America, ) | | |
| ) | | |
| Respondent. ) | | |

This matter comes before the Court for consideration of the pro se motion to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Keizar Montrell Randall, (hereinafter "Petitioner" or "Defendant").

On September 23, 2003, a federal grand jury returned an Indictment against Petitioner charging him with one count of being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g) and 924(a); one count of possession with intent to distribute 50 grams or more of cocaine base (commonly known as crack cocaine), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A) and 18 U.S.C. § 2; and one count of using and carrying a firearm during and in relation to, and possessing a firearm in furtherance of, a drug trafficking crime in violation of 18 U.S.C. § 924(c). (Doc. # 1). On April 1, 2004, Petitioner pled guilty to Count 2 of his indictment, possession with intent to distribute 50 grams or more of cocaine base. On August 16, 2004, Petitioner was sentenced to two-hundred eighty-two months imprisonment. Petitioner filed no direct appeal.

Subsequently, Petitioner timely filed a Petitioner pursuant to 28 U.S.C. § 2255 in which he

raised only one ground for relief: that he received ineffective assistance of trial counsel in violation of the Sixth Amendment of the United States Constitution. Specifically, Petitioner asserted he instructed his attorney to file a notice of appeal of Petitioner's sentence, but his attorney failed to do so. By Order filed April 16, 2008, this Court granted Petitioner's request for relief and Ordered that he should be allowed to file an appeal in his case. Thereafter, on May 5, 2008, Petitioner pursued a direct appeal, and on July 2, 2009, the United States Court of Appeals for the Fourth Circuit, after a review pursuant to Anders v. California, 386 U.S. 738 (1967), issued an opinion affirming defendant's conviction and sentence. (Docs. # 18-21 in 4:05-cv-2439; Docs. # 63-65 in 4:03-cr-922). On September 27, 2010, Petitioner, proceeding pro se, filed the current motion under 28 U.S.C. § 2255 asserting a single ground for relief. (Doc. # 78). On October 6, 2010, the Government filed a motion for summary judgment and a supporting memorandum in opposition to Petitioner's petition. (Docs. # 83 & # 84). Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Petitioner was advised by Order filed October 21, 2010 that he had thirty-four days to file any material in opposition to the Government's motion. (Doc. # 86). Petitioner filed a reply on December 10, 2010. (Doc. # 91). The matter is now ripe for decision.

## 28 U.S.C. § 2255

Title 28, Section 2255 of the United States Code provides that a prisoner in custody under sentence of a federal court may file a motion in the Court which imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law, and (4) that the sentence is otherwise subject to

2

collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004). In Leano, the District Court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The Court has thoroughly reviewed the motions, files, and records in this case, liberally construing Petitioner's pro se motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government has moved for summary judgment as to all grounds raised by Petitioner. (Doc. # 84). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323; see also,

3

Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249. Though this initial responsibility rests with the moving party, when a motion for summary judgment is made and supported as provided in Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 324. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact," since a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23 (1986).

## DISCUSSION

Petitioner asserts a single ground for relief in which he asserts he is "actually innocent of the career offender enhancement that unjustly increased his sentence." In his supporting memorandum, Petitioner alleges that he "has never been convicted of Possession of Crack Cocaine with Intent to Distribute, in Myrtle Beach, South Carolina," which he believes was improperly used as predicate offense for classifying him as a career offender. Petitioner also asserts in his Reply to the Government's motion that once the Government filed the § 851 notice in his case seeking a statutory enhancement (240 months) for him, that this trumped the higher guideline (i.e. 262-327 months) career offender sentence under U.S.S.G. 4B1.1.

As an initial matter, the Court notes that Petitioner was initially subject to a statutory

4

sentence of from 10 years to life in prison for a violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(A), possession with intent to distribute cocaine base, 50 grams or more. Based on his prior record the government filed an information pursuant to Title 21, United States Code, Section 851, which increased his sentence to a mandatory life in prison. However, at the sentencing, the government withdrew one of the enhancements which made his mandatory minimum sentence 20 years instead of life. Because Petitioner was classified as a career offender under U.S.S.G.§ 4B1.1, his guideline range was determined under the career offender guidelines. His criminal history category was VI and his total offense level was 34. This resulted in a guideline range of 262-327 months. The Court sentenced him to 282 months. The information filed in his case under Title 21, United States Code, Section 851, had no impact on his case because the low end of his guideline range exceeded the mandatory minimum of 20 years.[1]

As to Petitioner's challenge to the career offender enhancement pursuant to U.S.S.G. § 4B1.1, on his direct appeal, Petitioner's attorney filed an Anders brief. As a result, the Fourth Circuit Court of Appeals reviewed the entire record. The Fourth Circuit Court of Appeals determined that the district court "properly calculated and considered the applicable guideline range..." Accordingly, Petitioner's challenge fails as it has been considered and rejected, at least implicitly, by the Fourth Circuit Court of Appeals' full review of his underlying direct criminal appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). The general rule is that as these

---

[1] The Court notes that in Information filed pursuant to 21 U.S.C. § 851 on October 29, 2003, the Government indicated that Defendant was convicted of Possession of Crack Cocaine with intent to distribute. Again, as further explained, infra, this was the offense for which defendant was originally indicted. However he actually pled to Possession of Cocaine with intent to distribute. However, any error in the § 851 notice is irrelevant as (1) the government only relied on one of the prior convictions; and (2) defendant's career offender guideline range exceeded the mandatory minimum such that the 21 U.S.C. § 851 Information has no impact on this case.

matters were considered on direct appeal and decided against him, he cannot relitigate them in a § 2255 petition. Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir.1976) (§ 2255 petitioner may not "recast, under the guise of collateral attack, questions fully considered by this court").

To the extent that the issue being raised by Petitioner is not determined to be raised and fully litigated on direct appeal, it would be subject to a procedural default analysis. In order to collaterally attack a conviction or sentence based upon errors that could have been but were not pursued on direct appeal, the movant must show cause and actual prejudice resulting from the errors of which he complains or he must demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack. U.S. v. Mikalajunas, 186 F.3d 490 (1999) (citing United States v. Frady, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); United States v. Maybeck, 23 F.3d 888, 891-92 (4th Cir.1994)). "The existence of cause for a procedural default must turn on something external to the defense, such as the novelty of the claim or a denial of effective assistance of counsel." Id. at 493. And, in order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence. See id. at 496, 106 S.Ct. 2639. After careful review and consideration of the record, this Court concludes that Petitioner fails to demonstrate cause and prejudice to excuse any procedural default. However, the question remains whether he can show actual innocence.

Petitioner contends that he should be granted habeas relief because he is actually innocent of the career offender enhancement as he asserts "has never been convicted of Possession of Crack Cocaine with Intent to Distribute, in Myrtle Beach, South Carolina." See Doc. # 78-1, pps. 7, & 9. The actual innocence exception may be applied in § 2255 to noncapital sentencing proceedings.

United States v. Maybeck, 23 F.3d 888, 892-94 (4th Cir.1994); see also Mikalajunas, 186 F.3d at 494. To succeed on actual innocence grounds, however, "a petitioner must demonstrate actual factual innocence of the offense of conviction, i.e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." Mikalajunas, 186 F.3d at 494. Furthermore, the "movant must show actual innocence by clear and convincing evidence." Id. at 493.

After careful review and consideration, this Court finds that Petitioner cannot demonstrate actual innocence to excuse his procedural default. The Court notes as an initial matter that a federal sentencing proceeding is not ordinarily an appropriate forum in which to challenge the validity of a prior state conviction. See U.S. v. Pettiford, 612 F.3d 270 (4th Cir. 2010). Whether petitioner is actually innocent of a prior state offense is a claim to be tested through the normal processes of trial and appeal and any appropriate post-conviction proceedings. Id. A federal sentencing court cannot be expected to hold a re-trial of prior state convictions, and even if the resources to do so were available, a respect for state courts would dictate that the validity of state convictions be resolved not in federal sentencing proceedings but in the manner that Congress and the Supreme Court have set forth. Id. The United States Supreme Court has counseled in a trio of cases against using federal sentencing proceedings as a forum for collateral attacks on state convictions. See Johnson v. United States, 544 U.S. 295, 303 (2005) (Congress did not intend "to make it so easy to challenge final judgments that every occasion to enhance a sentence for recidivism would turn a federal sentencing court into a forum for difficult and time-consuming reexaminations of stale state proceedings."); Daniels v. United States, 532 U.S. 374, 381-82 (2001); and Custis v. United States, 511 U.S. 485, 496-97 (1994). It does not appear from the record in this action that any argument of actual factual

7

innocence of the challenged predicate conviction has been accepted by any court or in any forum in which Petitioner could be expected to move to set the conviction aside.

Additionally, the Court notes that the Petitioner must show actual innocence by clear and convincing evidence, and in this case, there is no showing that Petitioner did not commit the two prior felony drug offenses or that the offenses were improperly deemed to be predicate offenses for the purpose of career offender status.[2] Petitioner offers nothing but his own self-serving statement with no other support that "he has never been convicted of Possession of Crack Cocaine with Intent to Distribute in Myrtle Beach, South Carolina." The Court notes that this statement by Petitioner is technically correct as Petitioner has not been convicted of "Possession of Crack Cocaine with Intent to Distribute in Myrtle Beach, South Carolina," but he has been convicted of Possession of Cocaine with Intent to Distribute arising out of conduct in Myrtle Beach, South Carolina. The Pre-Sentence Investigation report shows an arrest date of October 1, 1990, and a subsequent conviction for Possession of Cocaine with Intent to Distribute in General Sessions Court in Conway, South Carolina, for which a YOA sentence not to exceed 6 years was imposed on May 29, 1991. The

---

[2]Under U.S.S.G. § 4B1.1(a): A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense. Petitioner was 30 years old at the time he committed the instant offense of conviction, which is a felony that is a controlled substance offense. The defendant has at least two prior felony convictions for controlled substance offenses, as defined in U.S.S.G. § 4B1.2 as noted in PP 35 and PP 40 of his Pre-Sentence Investigation Report. This Court concludes that Defendant has properly been classified as a career offender. The Court further notes that Petitioner himself has offered no challenge to the qualifying predicate offenses listed in his Pre-Sentence Investigation Report in PP 35 as it correctly delineated as a Conviction for Possession of Cocaine with intent to distribute, or to the qualifying predicate offense in PP 40 (for Distribution of Crack Cocaine).

8

information in the Pre-Sentence report is compiled based on the state court indictment, sentencing sheet, and Commitment Order for this offense. Petitioner was originally charged in Indictment # 90-GS-26-1933 for Possession with intent to distribute a quantity of <u>crack cocaine</u>, but pled to the lesser included offense of possession of <u>cocaine</u> with intent to distribute. See Doc. # 94. However, this distinction makes no difference in determining Petitioner's career offender status, as the offense to which Petitioner pled to, possession of <u>cocaine</u> with intent to distribute, qualifies as a predicate offense for purposes of career offender status under U.S.S.G. 4B1.1.

Finally, to the extent that Petitioner attempts to challenge his career offender status by way of a claim for ineffective assistance of counsel claim, the Court finds this claim to be without sufficient legal merit. In order to prevail on a claim of ineffective assistance of counsel, a defendant must prove two things: one, that counsel's performance fell below an objective standard of reasonableness; and two, that counsel's deficiencies prejudiced his defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687-692, 104 S.Ct. 2052, 2063-67 (1984). A defendant asserting an ineffective assistance of counsel claim must satisfy both prongs, and a failure of proof on either prong ends the matter. <u>U.S. v. Roane</u>, 378 F.3d 382, 404 (4th Cir. 2004) (citing <u>Williams v. Kelly</u>, 816 F.2d 939, 946-47 (4th Cir.1987)). As noted previously, the court discerns no error in the record with respect to the predicate offenses upon which Petitioner's career offender status is based. It is axiomatic that failure to raise a meritless objection cannot serve as a ground for ineffective assistance of counsel. <u>Bolender v. Singletary</u>, 16 F.3d 1547, 1573 (11th Cir.1994).

## CONCLUSION

For the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is **DENIED** (Doc. # 78) and the Government's motion for summary judgment is **GRANTED** (Doc.

9

# 84).  This action is hereby **DISMISSED**.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings.  The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein.  Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

August 20, 2012
Florence, SC