IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| United States of America | Crim. No. 4:03-cr-00922-TLW-1 |
|---|---|
| v. | **Order** |
| Keizar Montrell Randall | |

This matter is before the Court on Defendant's motion for a sentence reduction pursuant to the First Step Act of 2018. For the reasons set forth in detail in the Court's prior order and the Fourth Circuit's recent decision in *United States v. Wirsing*, 943 F.3d 175 (4th Cir. 2019), the Court concludes that he is eligible for a reduced sentence under the First Step Act. ECF No. 118. The Court has carefully considered the additional filings he submitted in response to the Court's order. *See* ECF No. 119.

Though Defendant is eligible for a sentence reduction, a reduction is not automatic. Section 404(c) of the First Step Act explicitly provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." Notably, *Wirsing* did not address whether that particular defendant's sentence should have been reduced, only that he was eligible for consideration. *See Wirsing*, 943 F.3d at 186.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and Sentence Reduction Report, and has considered the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of post-sentencing mitigation. In light of these considerations,

the Court concludes that a sentence reduction is not appropriate in this case. There are several reasons why the Court has reached this conclusion, including (1) the instant offense involved him chasing a woman through a parking lot while armed with a handgun; (2) he was on parole when he committed the instant offense; (3) application of the First Step Act does not change his Guidelines imprisonment range because he remains a career offender; (4) he has a prior conviction for possession with intent to distribute cocaine for which he received a YOA sentence, and upon release, he was revoked three times; (5) he has prior convictions for crack distribution and possession with intent to distribute crack, for which he received 12-year sentences; (6) he would still be a career offender under current law; and (7) he would be in a criminal history category of VI even without the career offender designation.

For these reasons, the Court declines to reduce his sentence, and his motion, ECF No. 117, is therefore **DENIED**.

**IT IS SO ORDERED.**[1]

*s/ Terry L. Wooten*
Terry L. Wooten
Senior United States District Judge

February 11, 2020
Columbia, South Carolina

---

[1] In light of this ruling, the Court terminates as **MOOT** the remaining outstanding motion in this case, ECF No. 115.