IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America | Criminal No. 4:03-cr-00922-TLW |
| v. | **Order** |
| Keizar Montrell Randall | |

This matter is before the Court on Defendant Keizar Randall's *pro se* motion for a sentence reduction under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 127. For the reasons set forth below, his motion is denied.

## BACKGROUND

On April 1, 2004, Randall pled guilty to possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). ECF Nos. 46, 47. This Court sentenced him to 282 months of imprisonment followed by 10 years of supervised release. ECF No. 54. Randall has filed numerous pleadings requesting a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) based on the threat posed by the COVID-19 pandemic and based on the higher statutory minimum sentence he was facing for violations of 21 U.S.C. §§ 846, 841(a)(1) and 841(b)(1) in relation to the statutory minimum that would be applied under current law. According to BOP records, Randall is due for release from custody on September 3, 2024.

## APPLICABLE LAW

Absent certain exceptions, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of those exceptions is the compassionate release statute. That statute provides, in relevant part, as follows:

1

> [T]he court, . . . upon motion of the defendant . . . , may reduce the term
> of imprisonment . . . after considering the factors set forth in section
> 3553(a) . . . , if it finds that—(i) extraordinary and compelling reasons
> warrant such a reduction; . . . and that such a reduction is consistent
> with applicable policy statements issued by the Sentencing Commission
> . . . .

18 U.S.C. § 3582(c)(1)(A). "A defendant who seeks compassionate release under § 3582(c)(1)(A)(i) has the burden of establishing that such relief is warranted." *United States v. Edwards*, 451 F. Supp. 3d 562, 565 (W.D. Va. 2020).

The Sentencing Commission has issued a policy statement addressing compassionate release motions—§ 1B1.13. But prior to the passage of the First Step Act, compassionate release motions could only be filed by the BOP, so § 1B1.13 by its terms only applies to BOP motions. *See United States v. McCoy*, 981 F.3d 271, 275–76 (4th Cir. 2020) (explaining the First Step Act's changes to the compassionate release statute). There is no corresponding policy statement addressing compassionate release motions filed by inmates. Thus, in *McCoy*, the Fourth Circuit held that, when considering an inmate's compassionate release motion, § 1B1.13 is not an "applicable policy statement[]." *Id.* at 284. But while § 1B1.13 may not directly apply to an inmate's motion, "it remains helpful guidance." *Id.* at 282 n. 7.

While § 1B1.13 may provide guidance, it is not an "applicable policy statement[]," so "district courts are 'empowered . . . to consider *any* extraordinary and compelling reason for release that a defendant might raise.'" *McCoy*, 981 F.3d at 284 (quoting *United States v. Zullo*, 976 F.3d 228, 230 (2d. Cir. 2020)) (emphasis in original); *see also United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021). Ultimately, the determination of whether a case presents extraordinary and compelling reasons

2

warranting a sentence reduction is a question reserved to the sound discretion of the district court.

**DISCUSSION**

In Defendant's motion, he seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A) on grounds that his medical conditions (asthma and obesity) make him especially vulnerable to becoming seriously ill from COVID-19. The Government previously moved to dismiss the motion on grounds that Randall failed to exhaust administrative remedies, ECF No. 130, which the Court denied and directed the Government to respond to the merits of Defendant's motion. ECF No. 146. Defendant subsequently filed two more pleadings supplementing his motion for compassionate release by claiming that if he were sentenced today, his applicable statutory minimum sentence would be lower because one of his prior drug convictions would no longer qualify as an enhancing § 851 conviction under § 401 of the First Step Act. ECF Nos. 148, 150. Specifically, Defendant claims that one of his prior drug convictions, a 1991 conviction for possession of cocaine with intent to distribute, would no longer qualify as an § 851 predicate today because he didn't serve more than a year in custody. Defendant argues because this prior drug conviction would no longer qualify as an § 851 predicate, it constitutes an "extraordinary and compelling reason" warranting his compassionate release under 18 U.S.C. 3582(c)(1)(A)(i).

The Government opposes his motion arguing (1) Defendant's medical conditions do not constitute "extraordinary and compelling reasons" for a sentence reduction, (2) the enhancement of Defendant's statutory minimum does not amount

to an "extraordinary and compelling reason" for a sentence reduction, and (3) that Defendant still poses a significant danger to the safety of the community and the § 3553(a) factors weigh against release.

First, the Government addresses Defendant's claimed medical conditions in the context of the COVID-19 pandemic. The Government cites to the Center for Disease Control's updated list of underlying medical conditions that are at increased risk for severe illness from COVID-19. ECF No. 154 at 12-15. The CDC's list includes obesity and asthma, and the Government acknowledges that Defendant presents this risk factor as a condition heightening the risk of severe injury or death should he contract COVID-19. *Id.* "The Government agrees that this chronic condition presents "a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." *Id.* However, the Government argues that Defendant's medical condition is appropriately managed at the facility, "which is engaged in strenuous efforts to protect inmates against the spread of COVID-19, and would also act to treat any inmate who does contract COVID-19." *Id.* The Government argues that "absent a significant change in the current scientific assessment regarding the efficacy of the vaccines, the advent of widespread vaccine availability should bring to an end the unpresented period in which compassionate release has been available based on the threat of the virus." *Id.* at 17.

Second, the Government argues that Defendant's statutory minimum does not amount to an "extraordinary and compelling reason" for a sentence reduction. *Id.*

"However, even assuming that this 1991 drug conviction would no longer qualify as an § 851 predicate under current law, that fact would have no impact on his current sentence, and thus, it cannot serve as the basis for compassionate release." *Id.* at 18. The Government takes the position that retroactive application of § 401 of the First Step Act and the disqualification of Defendant's 1991 drug conviction as an § 851 predicate would have no impact on his current statutory sentencing range or his current sentence.  The Government argues that the Defendant had a second drug conviction which qualifies as an § 851 predicate. *See* p. 8 of this Order.

Third, the Government addresses Defendant's claims that his postconviction rehabilitation, specifically his completion of educational courses, as a basis for compassionate release. ECF No. 154 at 19. "While commendable, his claim of rehabilitation is not extraordinary. In fact, attending free educational courses offered by the BOP should be the rule, rather than the exception. Thus, Randall's claim of postconviction rehabilitation does not amount to an 'extraordinary and compelling reason.'" *Id*.

Fourth and finally, the Government argues that Defendant's request for a sentence reduction should be denied because he has failed to demonstrate that he is not a danger to the safety of the community or otherwise merits release under the § 3553(a) factors. *Id*. The Government outlines the facts underlying the Defendant's instant federal offense, wherein he chased a female victim through a parking lot while armed with a handgun. Id. at 20. "He also attempted to flee from law enforcement before being apprehended . . . subsequently, during a search of Randall's apartment,

law enforcement recovered a 9mm pistol, over 167 grams of crack, digital scales, and $31,735 in cash, all of which belonged to him." *Id.*, PSR at ¶¶ 10-12. The Government notes that Randall's criminal history is substantial, beginning at age 17 with a conviction for possession with intent to distribute cocaine. Id. "He also has numerous other serious convictions, including: distribution and possession with intent to distribute crack, failure to stop for a blue light, unlawfully carrying a pistol, and criminal domestic violence." *Id.*, *see also* PSR at ¶¶ 36-41. The Government notes that he is in a criminal history category of VI, even without the career offender designation. *Id.* Additionally, the Government references Defendant's significant disciplinary history, which includes six incidents of engaging in sexual acts, indecent exposure, fighting, assaulting without serious injury, disruptive conduct, possession a dangerous weapon, three instances of possession an unauthorized item, lying or falsifying statement, four instances of refusing to obey order, four instances of being insolent to staff member, gambling, possession gambling paraphernalia, giving/accepting money without authority, and being in unauthorized area. *Id.* at 20-21. Accordingly, the Government argues that the severity of his sentence was necessary to protect the public from further crimes of the Defendant, and that the 3553(a) factors weigh against any reduction of Defendant's sentence.

In considering whether to reduce Defendant's sentence, the Court has carefully reviewed the Presentence Investigation Report and has considered the statutory penalties, the Guidelines range, applicable caselaw and statutory law, the § 3553(a)

6

factors, and his post-sentencing conduct[1]. In light of those considerations, the Court concludes that Defendant has not shown that "extraordinary and compelling reasons" warrant a reduction or that the § 3553(a) factors weigh in favor of release. The Court's reasons for reaching this conclusion include (1) Defendant's medical records that indicate treatment and care in addition to both doses of the COVID-19 vaccine, (2) the seriousness of the instant offense, and (3) his criminal history that involves additional serious conduct.

As to the "extraordinary and compelling reason" standard, the Court has considered all of the circumstances and arguments raised by Defendant and concludes that he has not established an "extraordinary and compelling reason" that warrants release. As noted above, Defendant is seeking release (1) due to his medical conditions—asthma and obesity—and the risk of COVID-19 in his institution and (2) on grounds that his prior drug conviction would no longer qualify as an § 851 predicate for sentencing purposes and (3) that his record of rehabilitation while incarcerated, along with his alleged asthma and obesity, are extraordinary reasons warranting a sentence reduction. The Court takes note that BOP medical records reflect that Defendant received the COVID-19 vaccine in February 2021. ECF No. 154-1.

The Court concludes that the changes to § 851's requirements for prior convictions to qualify as predicates does not entitle Defendant to relief under

---

[1] The Court has considered in its analysis all of the issues raised in Defendant's filings, including (1) the impact of COVID-19 at his facility; (2) the way that the BOP is managing the pandemic at its facilities; (3) his physical and medical conditions in light of COVID-19; and (4) the percentage of his sentence remaining.

3582(c)(1)(A). The Court notes that upon review of the PSR, Defendant's Guideline range at the time of sentencing was 262 to 327 months of imprisonment followed by 10 years of supervised release. See ECF Nos. 52, 54. As previously mentioned, Defendant was sentenced to 282 months of imprisonment followed by 10 years of supervised release. *Id.* Defendant's Guidelines range remains the same today. As the Government correctly points out, even if Defendant's 1991 drug offense no longer qualified as an § 851 predicate under current law, it would have no impact on the sentence Defendant is currently serving. Before sentencing, the Government withdrew one of the enhancements that Defendant was subject to a sentencing range of 20 years to life imprisonment. *See* Statement of Reasons ("SOR") at 1. The statutory range Defendant faced—20 years to life imprisonment—only requires one prior drug conviction qualify as the § 851 predicate under U.S.C. § 841(b)(1)(A). In Defendant's case, he has another prior conviction from 1996 for distribution of crack and possession of crack with intent to distribute that would still qualify as an § 851 predicate under § 401 of the First Step Act of 2018. As the Government correctly points out, the PSR indicates Defendant was sentenced to 12 years imprisonment for those convictions on July 9, 1996, released on parole on November 8, 2001, thus serving more than one year in custody. PSR at ¶ 40. Therefore, even if the new requirements for § 851 predicates were retroactively applied to Defendant's sentencing, the statutory range under which he was originally sentenced under would remain the same. Thus, it would have no impact on Defendant's current sentence

because 282 months is above the 20 year (240 month) statutory minimum under which he was originally sentenced.

Even if Defendant had established an "extraordinary and compelling reason," the Court concludes that his motion would still be denied based on its analysis and balancing of the § 3553(a) factors. The Court has balanced those factors in light of the compassionate release issues not in play at the original sentencing. *Kibble* at 335 (Gregory, C.J., concurring).

The Court also concludes that "the nature and circumstances of the offense" weigh heavily against release. In conjunction with the § 3553(a) factors, it is appropriate to highlight the facts of the instant offense and Defendant's criminal history. The instant offense conduct is outlined in Paragraphs 9-18 of the PSR. The Court incorporates these paragraphs in this order by reference. Defendant was convicted of a serious offense—possession with intent to distribute 50 grams or more of cocaine base. On July 1, 2003, law enforcement officers responded to a 911 call stating that a man armed with a handgun was chasing a female through the parking lot of an apartment complex in Horry County, South Carolina. PSR ¶ 10. After arriving on scene, officers apprehended Defendant after he attempted to flee. *Id.* at ¶¶ 10-12. Officers obtained an executed a search warrant at Defendant's apartment where they found a Taurus 9mm pistol, over 167 grams of crack, digital scales, and $31,735 in cash. *Id.* at ¶¶ 15-18. Defendant admitted that these items found during the search were his. *Id.* at 17. The offense occurred while Defendant was on state parole. *Id.* at ¶¶ 40, 44.

9

Prior to Defendant's federal conviction for possession with intent to distribute 50 grams or more of cocaine base, his criminal history involved convictions for other serious drug conduct: (1) possession of cocaine with intent to distribute in 1990, for which his parole was revoked on three occasions, (2) failure to stop for a blue light in 1992 for which he was sentenced to 90 days, (3) unlawfully carrying a pistol in 1993, for which he was sentenced to 1 year imprisonment, (4) simple possession of marijuana in 1994, for which he paid a $262.00 fine, (5) distribution of crack cocaine and possession of crack with intent to distribute in 1994, for which he was sentenced to 12 years of imprisonment for each conviction concurrent, (6) criminal domestic violence in 2003, for which he paid a $450.00 fine, and (7) simple possession of marijuana, for which he served two days. After the Court's review of Defendant's offense conduct and his criminal history, the Court concludes the "nature and circumstances of the offense" weigh against release.

In sum, Defendant has committed serious offenses since he was 17 years old. The instant offense—possession with intent to distribute 50 grams or more of cocaine base—occurred when the Defendant was on state parole, in possession of a firearm, chasing a woman outside his apartment complex. His conduct demonstrates his disrespect for the law and his propensity to engage in criminal conduct. Upon review of the instant offense and Defendant's criminal history, the Court concludes that § 3553(a)(2)—the need for the sentence imposed—weighs against release. Defendant's sentence was and is necessary to reflect the seriousness of the offense, to promote

respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from further crimes of the defendant.

The Court takes notice that while incarcerated for the instant offense, Defendant has accrued 28 disciplinary infractions—including fighting with another person, possessing a dangerous weapon, six incidents of engaging in sexual acts, and four instances of refusing to obey an order. This conduct indicates a lack of rehabilitation while incarcerated and weighs strongly against release.

As to §§ 3553(a)(3)-(4)—the Court considered the kinds of sentences available and the sentencing range established for the offense—the Court notes that Defendant was sentenced within the Guidelines range. Defendant is in the criminal history category of VI even without the career offender designation. PSR at ¶¶ 43-46. Because Defendant was classified as a career offender, his offense level after adjustment for acceptance of responsibility was 34, resulting in a Guidelines range of 262 to 327 months of imprisonment before the application of the statutory enhancement as a result of the § 851 enhancement. *Id*. at ¶¶ 29-33, 47, 69, 70. Prior to sentencing, the Government withdrew one of the enhancements which resulted in a statutory sentencing range of 20 years to life imprisonment. *See* Statement of Reasons ("SOR") at 1. As a result, Defendant's Guidelines range was 262 to 327 months' imprisonment followed by a period of at least 10 years supervised release. *Id*., PSR at ¶¶ 70, 73, 76. The Court sentenced Defendant to a total of 282 months of imprisonment followed by 10 years of supervised release. ECF Nos. 52, 54. Defendant filed an appeal and the

Fourth Circuit affirmed the Court's judgment. *See* ECF No. 67. Therefore, the Court concludes that these factors also weigh against release.

As stated above, in light of the violent and serious nature of the instant offense and Defendant's criminal history, the sentence imposed was necessary to reflect the seriousness of the offense and to protect the public from further crimes of Defendant. The Court's 3553(a) analysis counsels that release is not warranted. The Court concludes it is appropriate to require the Defendant to serve the remainder of the sentence imposed.

In light of the seriousness of the instant offense, and Defendant's criminal history, the Court finds that the 3553(a) factors weigh against release. Accordingly, his compassionate release motion, ECF No. 148, is **DENIED**. [2] [3]

    **IT IS SO ORDERED.**

                                        *s/ Terry L. Wooten*
                                        Terry L. Wooten
                                        Senior United States District Judge

May 6, 2022
Columbia, South Carolina

---

[2] To the extent he seeks an order directing the BOP to grant him an early release to home confinement pursuant to the CARES Act, Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516 (2020), the Court does not have discretion to issue such an order. *See, e.g., United States v. Hendrix*, No. 1:10-cr-00067-MR-WCM-2, 2020 WL 2319698, at *1 (W.D.N.C. May 11, 2020) ("The discretion to release a prisoner to home confinement lies solely with the Attorney General. The legislation recently passed by Congress to address the COVID-19 pandemic does not alter this." (citations omitted)).

[3] The Court has given careful and full consideration to the Fourth Circuit's recent per curiam opinion in *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021), including the concurring opinions, and has applied those standards in considering this motion. It has also reviewed the Fourth Circuit's recent decision in *United States v. High*, 2021 WL 1823280 (4th Cir. May 7, 2021) and has similarly applied those standards.