IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America<br><br>v.<br><br>Keizar Montrell Randall | Criminal No. 4:03-cr-00922-TLW<br><br>**ORDER** |

This matter comes before the Court for consideration of Defendant Keizar Randall's third *pro se* motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). ECF No. 166. For the reasons outlined below, Randall's request for the appointment of counsel is denied, and the Court directs the Government to file a response to Randall's third motion for compassionate release within 45 days of this order.

## BACKGROUND

This case has a long procedural history. On April 1, 2004, Randall pled guilty to possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). ECF Nos. 46 & 47. At sentencing, Randall's statutory minimum was enhanced pursuant to 21 U.S.C. § 851 based on multiple prior drug convictions. ECF No. 19; *see also* Presentence Investigation Report ("PSR") ¶¶ 6, 69 & 70. The Court sentenced him to 282 months of imprisonment and 10 years of supervised release. ECF No. 54.

Randall appealed his sentence to the United States Court of Appeals for the Fourth Circuit, challenging the calculation of his Sentencing Guidelines. ECF No.

57. On appeal, the Fourth Circuit affirmed his sentence, concluding that the Court "properly calculated and considered the applicable guideline range [.]" ECF No. 83

## I. RANDALL'S POST-CONVICTION CHALLENGES TO HIS SENTENCE

In September 2010, Randall sought to collaterally attack his sentence via a petition for habeas corpus pursuant to 28 U.S.C. § 2255. ECF No. 78. Randall asserted he was improperly sentenced. *Id.* In response, the Government moved for summary judgment, since the Fourth Circuit concluded he was properly sentenced on direct appeal. ECF Nos. 83 & 84. On May 10, 2013, the Court entered an order denying Randall's § 2255 petition and granting the Government's motion for summary judgment. ECF No. 105.

In 2010, Congress passed the Fair Sentencing Act, which reduced the 100-to-1 cocaine base and powder cocaine disparity in sentencing. *McDonald*, 986 F.3d at 404. Thus, the Fair Sentencing Act increased the quantities of cocaine base required to trigger statutory mandatory minimum sentences. *Id.* Specifically, Section 2 of the Fair Sentencing Act changed the drug weight threshold that triggers a mandatory statutory sentencing range of ten years to life from 50 grams to 280 grams. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; 21 U.S.C. § 841. However, the Fair Sentencing Act was not made retroactive, so generally, defendants who were sentenced under the prior disparate drug amounts could not receive adjusted sentences. *McDonald*, 986 F.3d at 404.

In 2019, Randall filed a motion to reduce his sentence pursuant to the First

Step Act of 2018.[1] ECF Nos. 117 & 119. The Government opposed his motion, noting that the First Step Act did not reduce Randall's applicable Guidelines because he was sentenced as a career offender. ECF No. 115. On February 11, 2020, the Court entered an order denying Randall's motion. ECF No. 121. In its order, the Court concluded Randall was not entitled to relief because he remained a career offender and because the 18 U.S.C. § 3553(a) sentencing factors weighed against a reduction. *Id.*

Randall appealed the denial of his First Step Act Motion. ECF No. 122. The Fourth Circuit vacated and remanded the Court's order "[b]ecause the district court decided Randall's motion without the benefit of our decision in *United States v. McDonald*, ___ F.3d___, No. 19-7668, 2021 WL 218888 (4th Cir. Jan. 22, 2021) [.]" ECF No. 139. The Court has recently become aware of the Fourth Circuit's remand and intends to address it promptly. However, as noted, the Court denied Randall's First Step Act motion based, in part, on his status as a career offender. Since Randall's third motion for compassionate release concern's his status as a career offender, the Court will wait to address the Fourth Circuit's remand until after it receives the Government's response to Randall's third motion for compassionate release.

## II.  RANDALL'S FIRST AND SECOND § 3582 MOTIONS

In August 2020, Randall filed his first motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). ECF No. 127. In that motion, he asserted he was entitled to compassionate release based on the threat posed by the COVID-19 pandemic.

---

[1] Pub. L. No. 115-391, § 404(a), 132 Stat. 5194, 5222.

ECF No. 127. The Government moved to dismiss Randall's motion based on its belief that Randall had failed to exhaust the prerequisite administrative remedies. ECF No. 130. In response, Randall produced documents demonstrating that he had in fact exhausted his administrative remedies. ECF No. 137. Accordingly, on December 10, 2021, the Court entered an order denying the Government's motion to dismiss and directing it to respond to the merits of Randall's motion. ECF No. 146.

However, before the Government filed its response on the merits, Randall filed a second motion for compassionate release on January 10, 2022. ECF No. 148. In his second motion, he asserted he was entitled to relief based on his belief that, if sentenced today, the applicable statutory minimum sentence would be lower because one of his prior drug convictions, specifically, his 1991 conviction, would no longer qualify as an enhancing 12 U.S.C. § 851 conviction. *Id.* The Government filed a response opposing both motions. ECF No. 154.

### III.   THE COURT'S ORDER DENYING RANDALL'S § 3582 MOTIONS

On March 6, 2022, the Court issued an order denying *both* of Randall's § 3582 motions. ECF No. 155. The order first analyzed Randall's arguments in accordance with § 3582's "extraordinary and compelling reasons" standard and concluded that he could not meet his burden of establishing "extraordinary and compelling reasons." *Id.* at 7. In support of this conclusion, the Court noted that (1) Randall had received both doses of the COVID-19 vaccine, and (2) the disqualification of his 1991 drug conviction as an § 851 predicate would have no impact on his current statutory sentencing range or his current sentence, since he has a second drug conviction

which qualifies as an § 851 predicate. *Id.* at 7–9. Furthermore, the Court concluded that, even if Randall had met the "extraordinary and compelling reasons" standard, his motions would still be denied based on an analysis and balancing of the § 3553(a) factors. *Id.* at 9. Randall appealed the Court's order, which was affirmed by the United States Court of Appeals for the Fourth Circuit. ECF Nos. 157 & 164.

### IV.   RANDALL'S THIRD MOTION FOR COMPASSIONATE RELEASE

Although the Court's first order directly addressed and denied both of Randall's motions, the Court's docket reflected that only his first § 3582 motion, ECF No. 127, was denied. On August 28, 2023, Randall submitted a filing with the Court requesting that it rule on his second § 3582 motion, ECF No. 148, which challenged the applicability of the § 851 enhancement. ECF No. 166. Additionally, Randall's raised a new argument for compassionate release, asserting that he would no longer be a career offender if sentenced today based on the Fourth Circuit's opinions in *United States v. Campbell*, 22 F.4th 438, 440 (4th Cir. 2022) and *United States v. Jackson*, No. 22-4179, 2023 WL 2852624 (4th Cir. Apr. 10, 2023) (unpublished). The Court will construe this filing as a third motion for compassionate release address the arguments raised here.

### DISCUSSION

In reviewing its May 2022 order, the Court notes that it did not explicitly address Randall's request for the appointment of counsel in connection with his § 3582 motions. It will address that request here before moving on to an analysis of Randall's third § 3582 motion.

### I.   RANDALL'S REQUEST FOR THE APPOINTMENT OF COUNSEL

Randall requests that the Court appoint him counsel in connection with his post-conviction § 3582 proceedings. ECF No. 148. Caselaw holds that "a criminal defendant has no right to counsel beyond his first appeal." *Coleman v. Thompson,* 501 U.S. 722, 756 (1991); *United States v. Coleman*, No. CR 3:01-506-JFA, 2020 WL 8258249, at *1 (D.S.C. July 30, 2020) ("As an initial matter, there is no general constitutional right to appointed counsel in post-conviction proceedings."). Although due process mandates the appointment for certain post-conviction proceedings, a motion to reduce a sentence pursuant to § 3582(c) does not fit into this category. *United States v. Legree,* 205 F.3d 724, 730 (4th Cir. 2000). The Court has discretion to appoint counsel in proceedings under § 3582(c) if the interests of justice so require. *Id.*

In review of Randall's request, the Court finds that he is capable—and has proven capable—of requesting compassionate release without the assistance of counsel and that he has not otherwise established that the interests of justice require the appointment of counsel in this case. Accordingly, the Court denies Roberts' request for the appointment of counsel, and the Court will give full consideration to the arguments raised in his third § 3582 motion.

### II.   RANDALL'S THIRD REQUEST FOR COMPASSIONATE RELEASE

Randall's third § 3582 motion asserts two arguments for establishing "extraordinary and compelling reasons." First, he argues that that, if he were sentenced today, the applicable statutory minimum sentence would be lower

because one of his prior drug convictions would no longer qualify as an enhancing § 851 conviction. ECF No. 166 at 1. Randall notes that he previously challenged his § 851 enhancement, but that "no decision has been rendered in this most delicate matter." *Id.* Second, he contends that he would no longer be a career offender as a result of recent Fourth Circuit decisions, specifically, *United States v. Campbell*, 22 F.4th 438, 440 (4th Cir. 2022) and *United States v. Jackson*, No. 22-4179, 2023 WL 2852624 (4th Cir. Apr. 10, 2023) (unpublished). *Id.*

Despite Randall's assertion that no decision has been rendered regarding his arguments related to his § 851 enhancement, the Court May 2022 order, ECF No. 155, specifically addressed Randall's argument. In doing so, the Court concluded that, even if the new definition for "serious drug felony" under § 851 was retroactively applied in Randall's case, his sentence would today still be subject to § 851 enhancement. *Id.* Accordingly, to the extent Randall's third motion for compassionate release seeks to reassert this argument, it is denied.

The remaining portions of Randall's third motion for compassionate release assert that he is entitled to relief because he would no longer be a career offender in light of recent Fourth Circuit caselaw. *Id.* Further briefing from the Government is necessary to address this argument on the merits. Accordingly, the Court directs the Government to promptly file a response to Randall's third motion for compassionate relief within 45 days of this order. The Government's response is to

address only the issue of whether (1) Randall is or is not a career offender, and (2) if not, is he entitled to relief.[2]

## CONCLUSION

For the reasons stated herein, the Court denies Randall's request for the appointment of counsel in connection with his motions for compassionate release. The Court has carefully analyzed the arguments in Randall's third motion for compassionate release and directs the Government to promptly file a responsive memorandum within 45 days of the date of this order. Once the Government files its memorandum, the Court will issue an order addressing both the Fourth Circuit's remand of Randall's First Step Act motion and his third motion for compassionate release.

**IT IS SO ORDERED.**

                                          *s/Terry L. Wooten*
                                          Senior United States District Judge

October 4, 2023
Columbia, South Carolina

---

[2] The Court believes the Fourth Circuit's recent decision in in *United States v. Davis*, 75 F.4th 428 (4th Cir. 2023) may be helpful in addressing these questions.