IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Keizar Montrell Randall<br><br>v.<br><br>United States of America | Crim. No. 4:03 cr-00922-TLW<br><br>**ORDER** |

    This matter is currently before the court on the United States' Request for Amended Briefing Order Regarding Defendant's compassionate release motion. ECF No. 171. Within its motion, the Government states that the Defendant has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), ECF No. 166, which remains pending before the court. *Id.*

    Prior to Defendant filing his compassionate release motion in August 2023, the Sentencing Commission had not yet issued a policy statement defining "extraordinary and compelling reasons" in the context of defendant-filed compassionate release motions. *See United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020) ("There is as of now no 'applicable' policy statement governing compassionate -release motions filed by defendants under the recently amended § 3582(c)(1)(A)"). As a result, the Fourth Circuit held courts were "empowered to consider any extraordinary and compelling reason for release that a defendant might raise." *Id.* (cleaned up).

    However, the Sentencing Commission has now exercised its authority to promulgate a binding policy statement governing defendant-filed compassionate release motions, *see* U.S.S.G. § 1B1.13 (2023 ed.), and that policy statement became

effective on November 1, 2023. The amendment of the policy statement to address defendant-filed motions modifies the Fourth Circuit's holding in *McCoy* that "there currently exists no 'applicable policy statement[]'" for such motions. *See McCoy*, 981 F.3d at 281–82; *see also United States v. Williams*, 808 F.3d 253, 258–59, 261 (4th Cir. 2015) (recognizing that the Commission's amendments to policy statements governing § 3582(c) proceedings can abrogate Circuit law).

Therefore, the Defendant's motion for compassionate release should be consistent with the now-applicable policy statement in U.S.S.G. § 1B1.13, *see* 18 U.S.C. § 3582(c)(1)(A). Accordingly, the Defendant will have 30 days from the date of this order to amend his compassionate release motion to establish that it complies with U.S.S.G. § 1B.1.13 (2023 ed.). The Government will have 30 days from the receipt of the Defendant's motion to file its response. If the Defendant fails to file an amended motion within 30 days, the Government will have 30 days from the expiration of the Defendant's time to amend in which to respond noting any changes to the Guidelines that are relevant to consideration of a § 3582(c)(1)(A)(i) motion.

**IT IS SO ORDERED**.

                                      *s/ Terry L. Wooten*
                                      Terry L. Wooten
                                      Senior United States District Judge

November 28, 2023
Columbia, South Carolina