IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| United States of America<br><br>v.<br><br>Keizar Montrell Randall | Criminal No. 4:03-cr-00922-TLW<br><br>**ORDER** |

This matter comes before the Court for reconsideration of Defendant Keizar Randall's motion for a sentence reduction pursuant to the First Step Act. ECF Nos. 117, 119 & 144. The Court previously denied Randall's motion for a reduction under the First Step Act. ECF No. 121. However, this matter was remanded by the United States Court of Appeals for the Fourth Circuit for reassessment in light of the recently decided Fourth Circuit's opinion in *United States v. McDonald*, 986 F.3d 402, 404 (4th Cir. 2021). For the reasons outlined below, the Court now grants (1) Randall's request for a reduction in his sentence of incarceration within the applicable Guidelines range, and (2) the Government's request for a reduction in his term of supervised release from 10 years to 8 years based on changes in the law.

## BACKGROUND

On April 1, 2004, Randall pled guilty to possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). ECF Nos. 46 & 47. The Court sentenced him to 282 months of imprisonment and 10 years of supervised release. ECF No. 54. According to the Bureau of Prisons ("BOP"), Randall is scheduled to be released on September 5, 2024, and has completed 96.5% of his sentence.

This case has a lengthy procedural history which the Court will outline herein.

In 2010, Congress passed the Fair Sentencing Act, which reduced the 100-to-1 cocaine base and powder cocaine disparity in sentencing. *McDonald*, 986 F.3d at 404. Thus, the Fair Sentencing Act increased the quantities of cocaine base required to trigger statutory mandatory minimum sentences. *Id.* Specifically, Section 2 of the Fair Sentencing Act changed the drug weight threshold that triggers a mandatory statutory sentencing range of ten years to life from 50 grams to 280 grams. *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372; 21 U.S.C. § 841. However, the Fair Sentencing Act was initially not made retroactive, so defendants who were sentenced under the prior disparate drug amounts could not receive adjusted sentences. *McDonald*, 986 F.3d at 404.

In 2018, Congress enacted the First Step Act, which gives retroactive effect to the Fair Sentencing Act and allows defendants to bring a motion in district court for a reduction of their sentence pursuant to the Fair Sentencing Act. *Id.* The First Step Act applies to any defendant who was convicted of an offense whose statutory penalties "were modified by section 2 or 3 of the Fair Sentencing Act of 2010" that was "committed before August 3, 2010." First Step Act of 2018, Pub. L. No. 115-391, § 404(a), 132 Stat. 5194, 5222. Section 404 of the First Step Act provides:

> A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 were in effect at the time the covered offense was committed.

*Id.* § 404(b), 132 Stat. at 5222 (internal citation omitted).

After the First Step Act of 2018 was passed, the United States Probation Office issued a sentence reduction report dated December 7, 2019, which concluded that the

First Step Act did not reduce Randall's applicable Sentencing Guidelines. ECF No. 113. Specifically, the report noted that, although his statutory penalties changed since the mandatory minimum applicable to Randall was reduced from 20 years to 10 years, his Guidelines range would remain the same due to Randall's status as a career offender. *Id.* The sentence reduction report did find, however, that the First Step Act did make Randall eligible for a reduction in his term of supervised release from at least 10 years to at least 8 years. *Id.*

In Response to that report, the Government filed a motion on February 13, 2019, requesting the Court reduce Randall's term of supervised release to 8 years. ECF No. 115. Randall, represented by counsel, next filed a motion for a sentence reduction pursuant to the First Step Act, which is dated May 20, 2019. ECF No. 117. He also requested that the Court reduce his sentence to time served followed by 8 years of supervision. *Id.* at 4. He also requested a resentencing hearing. *Id.* at 3–4.

The Court issued an order dated June 11, 2019, concluding that a resentencing hearing was not required for reasons outlined in *United States v. Shelton*, No. 3:07-329-CMC, 2019 WL 1598921, at *2–3 (D.S.C. Apr. 15, 2019). ECF No. 118. The Court noted that Randall could be considered for a reduced term of imprisonment based on recent caselaw even though his Guidelines range remained unchanged. *Id.* In considering whether to reduce Randall's sentence, the Court stated that it would weigh "the current statutory range, the Guideline range, the § 3553(a) factors, and evidence of post-sentencing mitigation." *Id.* The Court's June 11, 2019 order concluded by inviting the parties to file submissions relevant to these issues. *Id.*

In response to the Court's invitation, Randall filed a memorandum in support of

his First Step Act motion on July 1, 2019. ECF No. 119. In his memorandum, Randall requested that "the Court impose a reduced sentence that is significantly lower than his current sentence, or in the alternative, for a sentence of 'time served.'" *Id.* at 5. Randall asserted that he was entitled to a reduced sentence because (1) when he was sentenced the United States Sentencing Guidelines were still mandatory, (2) the fact that, were Randall not a career offender, his Sentencing Guidelines range would have been lowered by the First Step Act, (3) the United States Sentencing Commission's report suggesting that defendants should not be classified as career offenders for only drug trafficking offenses, and (4) his post-offense rehabilitation in the Bureau of Prisons ("BOP"). *Id.* at 2–5. The Government did not file any additional memoranda, as it had made its position clear in its previous filings.

The Court issued an order on February 11, 2020, denying Randall's First Step Act motion after carefully reviewing his Presentence Investigation Report ("PSR"), the sentence reduction report, and the parties' briefing in conjunction with the current statutory range, the Guidelines range, the § 3553(a) factors, and evidence of his post-sentencing mitigation. ECF No. 121. In light of the standard that applied when considering a First Step Act reduction, the Court found that there was a basis to deny Randall relief.

Randall appealed the Court's denial of his First Step Act motion to the Fourth Circuit. ECF No. 122. On appeal, the Fourth Circuit vacated the Court's order on March 2, 2021, and remanded this matter. ECF No. 138. The Fourth Circuit's opinion noted a recent decision that outlined how district courts should evaluate defendant's First Step act motions. *Id.* The Fourth Circuit concluded that "[b]ecause the district

court decided Randall's motion without the benefit of our decision in *United States v. McDonald*, ___ F.3d___, No. 19-7668, 2021 WL 218888 (4th Cir. Jan. 22, 2021), we vacate and remand." *Id.* at 2. As noted by the Fourth Circuit in its opinion, *McDonald* "held that a district court must provide an individualized explanation for denying a sentence reduction motion under the First Step Act when the defendant presents evidence of post-sentencing rehabilitation." *Id.* (citations omitted). As viewed by the Fourth Circuit, the Court's order denying Randall's motion was "based solely on Randall's criminal history and offense conduct . . . [and] does not explicitly assess any of Randall's arguments or evidence in support of a sentence reduction . . . [including] that he was sentenced when the Sentencing Guidelines were mandatory and . . . an August 2016 report to Congress that disproves of applying the career offender enhancement [.]"

On remand, Randall filed an amended memorandum in support of a reduction in his sentence on July 2, 2021. ECF No. 144. The Government filed an additional response in opposition on September 14, 2021. ECF No. 145. Accordingly, this matter is ripe for review, adjudication, and disposition.

## LEGAL STANDARD

The Fourth Circuit remanded this matter so that the Court could evaluate Randall's First Step Act motion with the benefit of the Fourth Circuit's opinion in *McDonald.* As noted, the Fourth Circuit held in *McDonald* that, on a motion to reduce a defendant's sentence under the First Step Act, a district court must consider the defendant's post-sentencing conduct. *McDonald*, 986 F.3d at 402. However, while this case was pending on remand, the Supreme Court of the United States reviewed the question of how a district court should evaluate a defendant's First Step Act motion in

*Concepcion v. United States*, 142 S.Ct. 2389 (2022). Accordingly, *Concepcion* provides further additional guidance on how the Court's should re-analyze Randall's motion on remand.

*Concepcion* requires that, when considering a First Step Act motion, district courts recalculate the Guidelines "as if the Fair Sentencing Act's amendments had been in place at the time of the offense." 142 S. Ct. at 2402 n.6. "The district court may then consider post-sentencing conduct or nonretroactive changes [in the law] in selecting or rejecting an appropriate sentence, with the properly calculated Guidelines range as the benchmark." *Id.* District courts must, though, "consider intervening changes when parties raise them." *Id.* at 2396. Post-sentencing conduct includes mitigating (e.g., rehabilitation) as well as aggravating (e.g., violence or prison infractions) circumstances. *Id.*

Importantly, although it "is well established that a district court must generally consider the parties' nonfrivolous arguments . . . a district court is not required to be persuaded by every argument parties make, and it may, in its discretion, dismiss arguments that it does not find compelling without a detailed explanation." *Id.* at 2404. A district court is not "required to articulate anything more than a brief statement of reasons" that make clear it reasoned through the parties' arguments. *Id.* "Put simply, the First Step Act does not require a district court to accept a movant's argument that evidence of rehabilitation or other changes in law counsel in favor of a sentence reduction, or the Government's view that evidence of violent behavior in prison counsels against providing relief . . . . All that is required is for a district court to demonstrate that it has considered the arguments before it." *Id.* at 2405.

After careful review of the Fourth Circuit's opinion in *McDonald* and the framework established by the Supreme Court in *Concepcion*, the Court now turns to the sentencing issues presented on remand.

## ANALYSIS

In re-analyzing Randall's First Step Act motion, the Court will first address his eligibility for a sentence reduction under the Act before recalculating his Guidelines and reviewing both his and the Government's arguments. The Court will conclude by addressing the 18 U.S.C. § 3553(a) sentencing factors.

### A.  *Randall is eligible for a sentence reduction under The First Step Act.*

As noted in both the Court's prior orders and Probation's sentence reduction report, Randall is eligible for a sentence reduction under the Act. This is because the applicable statutory penalties changed with a focus on the threshold drug amount, specifically, due to the Act's reduction of the applicable statutory mandatory minimum applicable from 20 years to 10 years. ECF Nos. 113 & 118. Further, the Act reduced the applicable mandatory minimum term of supervised release from at least 10 years to at least 8 years. *Id.*

### B.  *Randall's Guidelines remain unchanged, excluding the mandatory minimum term of supervised release.*

Before recalculating his Guidelines, the Court will set forth Randall's Guidelines at sentencing. Randall pled guilty pursuant to a plea agreement to Count Two of the Indictment, which charged him with possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A). ECF No. 44. Based on his prior criminal history, Randall was determined to be a career offender pursuant to U.S.S.G. § 4b1.1. *Id.* ¶ 29. Consequently, he received a criminal history

category of VI and a base offense level of 37. *Id.* ¶¶ 9 & 47. After receiving a three-level reduction for acceptance, his total offense level was 34, resulting in a Guidelines range of 262–327 months. *Id.* ¶ 70. As noted, Randall was sentenced to 282 months.

In recalculating Randall's Guidelines, the Court finds that they remain unchanged, outside of a reduction in the mandatory minimum term of supervised release. This is because the modification of the threshold drug amounts did not change the sentencing Guidelines that apply in Randall's case because, as noted in the sentence reduction report, the parties' briefing, and the Court's prior orders, Randall remains a career offender today under U.S.S.G. § 4B1.1. ECF Nos. 113, 115, 117, 118, 119, 121, 144 & 145.

C.   *Randall's arguments in favor of a sentence reduction.*

In Randall's post-remand amended memorandum in support of his First Step Act motion, he asserts four arguments in support of his request for a sentence reduction. ECF No. 144 at 4–7. They are: (1) that he was sentenced in the mandatory Guidelines era, (2) he is entitled to more credit for time previously served, (3) his Guidelines range of 262–327 is not appropriate, and (4) his post-sentencing rehabilitation. *Id.*

As noted by the Fourth Circuit, Randall's first argument asserts that the Court should provide him First Step Act relief because he was sentenced during the mandatory Guidelines era. Clearly, the Sentencing Guidelines are now advisory. However, the Court is not persuaded by Randall's first argument. As noted by Randall, he was sentenced before the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2004), which declared mandatory Sentencing Guidelines unconstitutional. However, as further noted by Randall, he was sentenced after the Supreme Court's

Page **8** of **14**

decision in *Blakely v. Washington*, 542 U.S. 296 (2004), which raised questions regarding the constitutionality of the then-mandatory Federal Sentencing Guidelines. Because Randall was sentenced after *Blakely* and while *Booker* was pending, the record reflects that Court treated the Guidelines as advisory at the sentencing hearing, in part relying on the Fourth Circuit's opinion in *United States v. Hammoud*, 381 F.3d 316, 345 (4th Cir. 2004), which addressed the effect of *Blakely* on the Federal Sentencing Guidelines. ECF No. 56 at 25:12–21. Thus, the Court is not persuaded by Randall's first argument because, since the Court treated the Guidelines as advisory at sentencing, the mandatory nature of the pre-*Booker* Guidelines had no effect on his sentence.

Randall's next argument asserts that he is entitled to more credit for time previously served based on his arrest on a related state charge that was later dismissed. ECF No. 144 at 5. A challenge to the computation of a prisoner's sentence is not cognizable in a motion for a sentence reduction under the First Step Act. Instead, a defendant must bring a petition for a writ of habeas corpus under 28 U.S.C. § 2241 if he is "'attack[ing] the computation and execution of the sentence rather than the sentence itself." *U.S. v. Miller*, 871 F.2d 488, 490 (4th Cir. 1989); *see also Manigault v. Lamanna*, No. 8:06-cv-047-JFA-BHH, 2006 WL 1328780, at *1 (D.S.C. May 11, 2006) ("A motion pursuant to § 2241 generally challenges the execution of a federal prisoner's sentence, such as . . . computation of sentence by prison officials [.]"). Before filing a § 2241 petition, a defendant must first exhaust his administrative remedies, and the petition must be brought against the warden of the facility where the prisoner is being held. 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 434–35 (2004). Further, it must be brought "in the district of confinement rather than in the sentencing court." *Miller*, 871 F.2d at

490.

Here, the Court is without jurisdiction to consider Randall's challenge to the calculation of his sentence because this Court is not "the district of confinement." According to BOP Records, Randall is incarcerated at FCI Petersburg Medium in Hopewell, Virginia. His challenge to the calculation of his sentence must therefore first be brought in the Eastern District of Virginia.

Randall's third argument, which the Fourth Circuit noted on appeal, asserts that the Court should consider whether his career offender Guidelines range of 262–327 months is still appropriate. ECF No. 144 at 5. In support, Randall points to a 2016 Report of the United States Sentencing Commission submitted to Congress advising that the career offender Guidelines should be amended to require at least one "crime of violence," rather than merely non-violent drug crimes. *Id*.; U.S.S.C., 2016 Report to the Congress: Career Offender Enhancements (July 2016). The Court is not persuaded by this argument. The Sentencing Commission's 2016 Report to Congress did not change the fact that the career offender Guidelines remains applicable in Randall's case. The Sentencing Commission has not modified the Guidelines to implement its suggestion. As noted above, Randall is a career offender today as he was when originally sentenced. To conclude that the career offender Guidelines no longer applies because Randall's career offender predicate convictions are only drug offenses is not a persuasive basis to reduce his sentence outside of the advisory Guidelines range.

Randall's final argument in support of his request for a sentence reduction asks the Court to consider his post-sentencing rehabilitation. ECF No. 144 at 6. The Court will do so as part of its analysis of the § 3553(a) factors, and as discussed below,

pursuant to the Fourth Circuit remand and the *McDonald* decision, the Court will reduce Randall's sentence within the applicable Guidelines range based on both his post-sentencing rehabilitation and the significant percentage of his sentence served, approximately, 22.5 years of the 23.5-year sentence imposed.

### D. *The Government's arguments in favor of a reduction in Randall's term of supervised release.*

The Government initially moved for a reduction in Randall's term of supervised release. ECF No. 115. The Government's post-remand memorandum renews this request. ECF No. 145. The Government notes that, while the First Step Act did not affect Randall's Guidelines because of his career offender status, it did reduce the applicable term of supervised release by lowering the mandatory minimum term from at least 10 years to at least 8 years. *Id.* at 5. Thus, the Government moves the Court to reduce Randall's term to 8 years because "eight years of supervision is sufficient for offenders sentenced under 21 U.S.C. § 841(b)(1)(B) . . . [and] eight years should give adequate time to attempt to ensure Defendant's smooth and productive transition back to society and to give full effect to all of the purposes of supervised release." *Id.* at 6 (citations omitted). Randall joins in the Government's request for a reduced term of supervised release. ECF No. 117 at 4.

Had the Fair Sentencing Act been in effect at the time of Randall's sentencing, his statutory mandatory minimum term of supervised release would have been at least 8 years rather than the 10 years imposed. Based on the Court's review of the Fair Sentencing and First Step Acts, the sentence reduction report, and the parties' agreement that a modification of the term of Randall's supervised release is appropriate in light of the statutory reduction, the Court will reduce Randall's term of supervised

release to 8 years.

### E. *The Court's review of the § 3553(a) sentencing factors.*

As noted, the Fourth Circuit remanded this matter, in part, so that the Court could "specifically address Randall's post-sentencing rehabilitation evidence, including evidence that Randall had completed many educational programs while incarcerated." ECF No. 139 at 4. The Court will address that evidence here in conjunction with the § 3553(a) sentencing factors.

As part of § 3553(a) factors, the Court must first review the specific facts of this case, Randall was convicted of possession with intent to distribute 50 grams or more of cocaine base. Randall's arrest and federal charges arose out a domestic dispute in Horry County, South Carolina. PSR ¶ 10. After arriving on scene, officers apprehended Randall. *Id.* ¶¶ 10–12. Officers obtained and executed a search warrant of Randall's apartment where they found evidence that he was involved in illegal drug activity. *Id.* ¶¶ 15–18. During the search, Randall admitted that the drug activity evidence belonged to him. *Id.* at 17. The offense occurred while Randall was on state parole. *Id.* ¶¶ 40 & 44. He was then charged federally.

Randall's prior convictions are relevant in evaluating his motion for a First Step Act reduction. Prior to his instant federal conviction, Randall's criminal history involved convictions for offenses, including: (1) possession of cocaine with intent to distribute, (2) possession of a firearm (3) distribution of crack cocaine and possession of crack with intent to distribute, and (4) criminal domestic violence in 2003. *Id.* ¶¶ 35–42. As noted, Randall was sentenced as a career offender and would remain a career offender if sentenced today. *Id.* ¶ 29.

The Court will next address Randall's Guidelines range. As noted, Randall's Guidelines range of 262–327 months would remain unchanged if he was sentenced today because he was sentenced as a career offender and would remain a career offender if sentenced today. Therefore, in light of his status as a career offender, the Court concludes that it would be inappropriate to reduce his sentence below this applicable Guidelines range.

However, the Court has carefully considered evidence of Randall's post-sentencing rehabilitation and the significant percentage of his sentence he has completed, as required by the Fourth Circuit remand and the Fourth Circuit's decision in *McDonald*. First, Randall has submitted evidence to the Court in support of his claim of post-sentencing rehabilitation. During his time incarcerated, Randall has completed educational programs related to (1) financial management, (2) anger management, (3) mental health, (4) general rehabilitation, (5) drug abuse treatment, and (6) physical fitness and exercise. ECF Nos. 144–1, 144–2 & 144–3. Second, the Court notes that Randall has served a significant percentage of his sentence. Specifically, Randall has served 96.5% of his sentence.[1] Given (1) Randall's service of nearly the entirety of his sentence and (2) his evidence of post-sentencing rehabilitation, the Court concludes that it is appropriate to reduce Randall's sentence within his applicable Guidelines range to 262 months (approximately 22 years). The Court's review of the § 3553(a) factors indicate that Randall, while incarcerated, has taken steps towards rehabilitation that warrant this reduction.

---

[1] According to the BOP, Randall is currently set to be released on September 5, 2024. He has been receiving credit for time served since September 23, 2003. As of, December 18, 2023, Randall has 262 days remaining on his 282-month sentence. He has thus completed 96.5% of his sentence. He has served approximately 22.5 years of the 23.5-year sentence imposed by the Court.

## CONCLUSION

The Court has carefully considered the § 3553(a) factors, Randall's Guidelines range, the percentage of the sentence served, and his evidence of post-sentencing rehabilitation. As noted, the First Step Act did not reduce Randall's Guidelines range. However, given Randall's post-sentencing conduct and his service of 96.5% of his sentence, the Court concludes that a reduction in Randall's sentence to the lower end of his Guidelines range is appropriate. In summary, after analyzing Randall's arguments in conjunction with the § 3553(a) sentencing factors, the Court concludes that a sentence of 262 months or time served, whichever is greater, followed by a term of supervised release of 8 years is now appropriate. An amended judgment will follow the Court's order.

**IT IS SO ORDERED.**[2]

                                                         *s/ Terry L. Wooten*
                                                        Terry L. Wooten
                                                        Senior United States District Judge

December 28, 2023
Columbia, South Carolina

---

[2] In light of this order, the Court notes that both Randall's outstanding compassionate release motion, ECF No. 148, and motion for a reduction pursuant to Amendment 821, ECF No. 170, are now moot.